**DENIED**
BY ORDER OF THE COURT
on 7/17/14 by David O. Carter

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew F. Potvin, | Case No.: 2:13-cv-07165-DOC(PJW) |
| Petitioner/Plaintiff, | [PROPOSED] MEMORADUM |
| vs. | AND ORDER |
| Jerry Powers, *et. al.*, | District Judge |
| Respondents/Defendants. | Hon. David O. Carter |

Before the Court is Petitioner's/Plaintiff's "Request to Proceed Without a Magistrate Judge and for Orders" (Dkt.#38). After considering the moving papers and reviewing the docket, the Court enters this Memorandum and issues Orders.

I. BACKGROUND

On September 27, 2014, Petitioner Mr. Potvin filed a *habeas* challenging his California felony conviction on three counts of CPC 288(a). Dkt.#1, hereafter Petition. The caption of Petitioner's petition proclaimed that the petition was brought "primarily pursuant to 14 Stat. 385, c.28 (*Habeas Corpus* Act of 1867)" and Claim I of the pleadings within stated that Petitioner was advancing that "The Fourteenth Amendment incorporated all *habeas* statutes in effect at the time of its ratification."[1] Petition ¶ 50-54. Petitioner noted that the issue was one of "first impression." Petition, p.13, FN19. Petitioner named both his state custodian (Los Angeles County Probation Chief, Jerry Powers) as well as the U.S. Attorney General (hereafter U.S.A.G.) as Respondents. The remainder of his petition alleged three Constitutional grounds for the *habeas*:

---

[1] Petitioner attached our district required standardized § 2254 *habeas* petition form, CV-69 (05/12), as an Annex.

- a Fifth Amendment Double Jeopardy violation (Claim IV) for the first trial judge declaring a mistrial without manifest necessity, ostensibly for jury deadlock;
- a Sixth Amendment Public Trial violation (Claim II) for the second trial judge's ordering the only spectators out of the courtroom during the final minutes of the ADA's final closing argument; and
- a Sixth Amendment Inadequate Appellate Counsel violation (Claim III) for appellate counsel's failure to argue the Double Jeopardy issue.[2]

Petitioner attached his U.S. Supreme Court Petition for Certiorari and its appendix, which contained excerpts from state court records in support of his claims.

     Petitioner declined consent to proceed before a Magistrate Judge (Dkt.#3), but pursuant to local rules, the matter was referred to Magistrate Judge Walsh (Dkt.#2).  On September 30, 2013, the Magistrate Judge issued an "order requiring response to petition" (Dkt.#4, hereafter OSC) which included the usual option for Respondent to file a "Motion to Dismiss" and provided examples of grounds for such a motion.  Examples included were failure to satisfy "in custody" requirements and  failure "to exhaust any state court remedies".  The clerk's note associated with the OSC interpreted the order to require both Chief Powers and the U.S. Attorney General to respond.[3],[4]

---

[2] These are straight-forward claims and likely resolvable on (as yet-to-be-ordered) merits briefings (i.e. without requiring an evidentiary hearing).

[3] Specifically, it states, *inter alia*, "that Respondent Eric Holder file Answer to the Petition not later than 1/14/2013; Jerry Powers file Answer to the Petition not later than 11/14/2013."

[4] In all subsequent filings, Petitioner served both Chief Powers' Counsel and the U.S.A.G.  Respondent Powers (through counsel) has not served the U.S.A.G. in any of his filings.  To date, the U.S.A.G. has not filed a notice of appearance nor filed any other document on this docket.

In response to the OSC, Petitioner:
- Filed a "Motion for Revised Orders" (Dkt.#11) supported by "Points and Authorities ..." (Dkt.#12, hereafter P&A).
- Sought to amended his original *habeas* petition. See "First Amended Petition ..." (Dkt.#17, hereafter FAP).

### The P&A and Resulting Magistrate Judge Order

The P&A summarized Petitioner's *habeas* incorporation claim and included citations to U.S. Supreme Court case law. See P&A, pp.1-3. The P&A specifically referenced the *Habeas Corpus* Act of 1867 (14 Stat. 385, c.28, hereafter HA1867). The P&A cogently and succinctly challenged *habeas* state exhaustion requirements and included citations to U.S. Supreme Court case law. See P&A, Dkt.#12, Part "I.A. State Exhaustion Challenge", pp.2-3.[5]

The Magistrate Judge explicitly denied (Dkt.#16) Petitioner's Motion for Revised Orders. After noting Petitioner's constitutional challenge, the Magistrate Judge stated: "The Court presumes that Respondent will address that issue in the responsive pleading."

### The FAP and Resulting Magistrate Judge Order

Substantively, the FAP added:
- Claim I.A advancing that *habeas* incorporation and the incorporation of HA1867 also rendered unconstitutional any state exhaustion requirements and various dismissal criteria. See FAP, p.19, ¶ 56-59.

---

[5] The P&A also summarized why AEDPA's "in custody" requirement unconstitutionally constricts HA1867's "restrained of his or her liberty" requirement (Part I.B.). The P&A also summarized why untimely, alternate state grounds, second or successive, and default dismissals are likewise an unconstitutional restriction of rights guaranteed by HA1867.

- Three civil rights claims (Claims V, VI, and VII), brought pursuant to 42 U.S.C. §1983, against Respondent (and now putative Defendant) Chief Powers as well as various (as yet unnamed) probation department officers/supervisors. The claims alleged that certain probation department directives made Mr. Potvin's sentence more onerous in violation of Constitutional double jeopardy protections. Claim V challenged probation directives restricting Mr. Potvin's travel. Claim VI challenged probation directives to redo sex offender counseling. Mr. Potvin further alleged that, to the extent that the directive was made pursuant to a statute amended after his sentencing, applying the law to him violated his Constitutional protection against ex *post facto* laws. FAP, facts ¶ 31-49, claims ¶ 69-86. The FAP also made class action allegations relative to the civil rights claims and demanded a jury trial "solely on the issue of damages." FAP ¶ 87-91.

Petitioner Mr. Potvin (and now putative Plaintiff) also filed an "Application to Amend Petition" (Dkt.#22) setting forth reasons why the FAP should be allowed. The Magistrate Judge allowed the FAP to become the operative pleading and revised the OSC filing schedule. See Dkt.#20.[6]

### Mr. Potvin's Motion to Stay and/or Preliminary Injunction

On Nov. 22, 2013, five days after filing his FAP and four days after the Magistrate Judge accepted the FAP as the operative pleading, Petitioner/Plaintiff filed an Application for Stay and/or Preliminary Injunction. Dkt.#25, hereafter AppStayPI. This Court ordered "counsel for respondents" (hereafter the DDA) to respond by January 13, 2014. Dkt.#26. Petitioner filed a declaration, *inter alia*, clarifying service. Dkt.#28.

Before any other briefing, the Magistrate Judge presented the matter to this

---

[6] On the same day, but by separate order (Dkt.#23), the Magistrate Judge denied as moot Mr. Potvin's "Application to Amend Petition."

Court by way of a proposed order denying the AppStayPI. At the time, this Court agreed with the presentment and signed it as an order. Dkt.#29.

### Motion to Dismiss and Resulting Magistrate Judge Order

After being granted a number of extensions of time, the DDA filed a "Motion to Dismiss ..." (Dkt.#34) hereafter MTD. The DDA also lodged nineteen (19) appendices, the vast majority of which were already part of the case docket. The MTD requested dismissal of the entire action. MTD, p.17. On Petitioner's *habeas* incorporation claim and AEDPA challenges, the DDA insisted that "Petitioner has done absolutely nothing to overcome the presumption that AEDPA is constitutional." MTD, p.12. Addressing Plaintiff's civil rights claims, the DDA made the unsupported claim that combined *habeas* and §1983 civil rights cases are "improper and should be rejected by this Court." MTD, p.10. The DDA conceded that Petitioner had satisfactorily exhausted state remedies for his Sixth Amendment public trial *habeas* claim. MTD, p.10 and p.14. The DDA denied that Petitioner satisfactorily exhausted his state remedies for his Sixth Amendment Inadequate Appellate Counsel claim and Fifth Amendment Double Jeopardy claim.

Petitioner timely objected to the County's MTD. See "Objection to Motion to Dismiss and Request to Strike" (Dkt.#35), hereafter Objection to MTD. Pointing to his P&A, Petitioner recounted that he had asked for briefing of his *habeas* incorporation and various AEDPA challenges and that "the P&A argued that the various state exhaustion and other dismissal criteria were unconstitutional and provided citation to statute as well as (U.S. Supreme Court) case law." Objection to MTD, pp.5-7. In a two page Appendix, Petitioner provided a "*habeas* incorporation prelude" which summarized his *habeas* incorporation argument which included citations to statute, U.S. Supreme Court cases, and two law review articles. Relative to his civil rights claims, Plaintiff noted that "county counsel provides no legal citation to support his claim that multiple causes of action cannot

be maintained in the same federal case" and requested "Defendants should be deemed to have forfeit any dismissal grounds for the 1983 claims and Defendants should be made to answer the allegations." Objection to MTD, p.5. Relative to the *habeas* Claims III and IV, Petitioner reiterated that his *habeas* incorporation claim would also result in exhaustion requirements being struck down. "Without waiving that argument" Petitioner then argued that Claims III and IV were satisfactorily exhausted because he had argued them in the California Court of Appeal and Supreme Court by way of requests for substitution of counsel. Objection to MTD, pp.7-9. Petitioner/Plaintiff also requested that all the County's lodged appendices and "Procedural History section" of its MTD "be struck as redundant, immaterial, and/or scandalous." Objection to MTD, p.10-11.

On June 10, 2014, The Magistrate Judge entered a minute order (Dkt.#37, hereafter MMO) relative to the MTD. The MMO:

- Found that "a court should not consolidate a habeas petition with a civil rights action" citing *Malone v. Calderon* (CA9 1999) 165 F.3d 1234, 1236-1237 and suggested that Plaintiff "voluntarily dismiss these claims." MMO, p.1.
- Found that Petitioner provided "no persuasive authority" for his challenge to AEDPA's exhaustion requirements and "rejected" Petitioner's challenge to AEDPA's exhaustion requirements. MMO, p.2.
- Found that Petitioner had not satisfactorily exhausted his *habeas* Fifth Amendment Double Jeopardy (Claim IV) or his Sixth Amendment Inadequate Appellate Counsel (Claim III) claims citing *Roettgen v. Copeland* (CA9 1994 *per curiam*) 33 F.3d 36, 37. MMO, p.2-3.

The MMO also found that Petitioner had satisfied state exhaustion requirements relative to his Sixth Amendment Public Trial claim. The MMO concluded by requiring Petitioner to elect one of three options by July 11, 2014.[7]

In response, Petitioner/Plaintiff now requests to proceed without the

---

[7] The MMO did not mention Petitioner's/Plaintiff's Request to Strike.

Magistrate Judge. He challenges the above-bulleted MMO findings. He again asks for brief scheduling orders for his *habeas* incorporation claims and AEDPA challenges. He also asks the Court to revisit its December order denying his Application for Stay and/or Preliminary Injunction.

## II. DISCUSSION

### Proceeding Without a Magistrate

While Mr. Potvin's Fourteenth Amendment *habeas* incorporation claims and plethora of challenges to various AEDPA provisions present questions of first impression, the procedural trajectory of this case should have followed the tried-and-true path for resolving legal disputes. Specifically, those issues should have been briefed in the usual order: argument, answer, reply. Failure to allow parties normal briefing inevitably results in the case boomeranging.[8] Mr. Potvin requested briefing at least twice,[9] and the Magistrate Judge rebuffed him each time. On this basis alone, the Court finds that this case should proceed directly before me, without the need for a Magistrate Judge. Given this decision, the Court need not address other issues raised by the instant request concerning the Magistrate Judge's performance in this case.

### Combined *Habeas* and Civil Rights Cases

Petitioner/Plaintiff correctly asserts in his instant request that nothing in the Federal Rules of Civil Procedure prohibit causes of action that include both *habeas*

---

[8] See e.g. *United States v. Dharni* (CA9 July 2, 2014) (No. 11-16438) panel rehearing opinion, vacating its previous opinion. Specifically, see the discussion of briefing issues in the majority opinion at slip op. p.4 and the dissent opinion at slip op. p.15.

[9] Certainly, his P&A and Objection to MTD explicitly so requested. His AppStayPI plainly reads as anticipating a normal briefing schedule.

and civil rights claims. As chronicled above, the DDA provided no authority for his assertion (MTD, p.10) that combined *habeas* and §1983 civil rights cases are "improper." The Magistrate Judge misreads *Malone v. Calderon* (CA9 1999) 165 F.3d 1234, 1236-1237 as implying that "a court should not consolidate a habeas petition with a civil rights action." See MMO, p.1. Neither holding nor dicta in that case suggests such a rule, and the factual differences between the case at bar and *Malone* dictate a different outcome. As pointed out by Petitioner/Plaintiff (in multiple of his pleadings), judicial resources will be conserved by maintaining both his *habeas* petition and civil rights claims in a single case. The factual background is the same in both cases. Chief Powers, respondent to the *habeas*, is one of the defendants in the civil rights case. Since County Defendants raised no other grounds for the dismissal of the civil rights claims in their MTD, they must now answer the allegations.

### Egregiousness of the Alleged Civil Rights Violations

At this stage in the proceedings, County Defendants have not yet been required to admit or deny the allegations made by Mr. Potvin. The Court advises County Defendants that the allegations, if proved or admitted, not only state civil rights claims civilly actionable pursuant to 42 U.S.C. § 1983, but also constitute criminal violations of 18 U.S.C. 241/242 (conspiracy against rights / deprivation of rights under color of law).[10] County Defendants are forewarned that, should the allegations be admitted or proved, the Court will refer the matter to the U.S. Attorney for prosecution. See *Milke v. Ryan* (CA9 2013) 711 F.3d 998, 1019-1020

---

[10] The Court declines to opine on the potential number of counts chargeable. The Halloween directive is easy: one count per year/event/Halloween per probationer/victim. But how many charges can be maintained against the travel restriction and redoing counseling directives? One charge per day and/or event?

1  [referring case for possible prosecution in "disturbing" case of likely police
2  detective perjury].[11]
3
4  ### Issues Related to Motion to Dismiss
5  The Court finds that a decision on the County's MTD must be delayed until
6  after a decision on the Constitutionality of *habeas* state exhaustion requirements.
7  From the briefings, no factual dispute exists;[12] the Court is called upon to decide a
8  question of law. Specifically, the Court must decide whether motions for
9  substitution of appellate counsel (made to the state appellate courts as part of a
10 direct appeal) fairly present the issue(s) it briefs for purposes of AEDPA's state
11 exhaustion requirement. The Court considers the question submitted based on the
12 MTD, Objection to MTD, MMO, and instant request. A ruling on the question
13 will issue only if necessary.[13]

---

[11] Presenter' Note. Should the Honorable District Judge enter this finding and caution, the Defendants should be highly motivated promptly settle the civil rights portion of this case.

[12] Respondent does not dispute that Petitioner fully briefed his double jeopardy issue and inadequate appellate counsel claim in his *Marsden* filings. See MTD, pp.6-7, for Respondent's concession concerning the Court of Appeal.

[13] Presenter's Note: Should the Honorable District Judge be prepared to rule in Petitioner's favor on the AEDPA state exhaustion issue, the proper course of action would be to invoke the canon of Constitutional avoidance, enter ruling for the Petitioner on the issue, and thus avoid the need to brief/decide the Constitutionality of state exhaustion requirements. See e.g. *Delegates v. R.N.C.* (C.D.CA 2012), Aug. 7, 2012, order of Judge Carter, Part III.C. concerning the canon.

### Issues Related to the AppStayPI

Given the Court's decision regarding maintaining the civil rights claims in this case, the preliminary injunction portion of the Mr. Potvin's AppStayPI needs to be revisited. In the instant request, Mr. Potvin also suggests that the *habeas* stay portion also be revisited based upon the recently issued *United States v. Dharni* (CA9 July 2, 2014) (No. 11-16438) panel rehearing opinion, vacating its previous opinion. In that case, the Ninth Circuit had granted the federal *habeas* (§ 2255) petitioner bail pending appeal of the denial of his *habeas* petition. The Court requires further briefing on this issue. As the original denial of the AppStayPI was approximately seven months ago, the Court also requires information on the current status of the alleged civil rights violations.

### III. OUTCOME

Based upon the foregoing,

**IT IS HEREBY ORDERED** that:

- Henceforth, this case shall proceed exclusively before this Court (i.e. without a Magistrate Judge). Magistrate Judge Walsh is released, forthwith, from any responsibility in this case.
- The clerk is directed to serve upon the Attorney General of the United States the operative pleading and substantive docket entries. Specifically, the clerk shall serve copies of docket entries #12 (Points and Authorities re: Motion for Revised Orders), #17 ("First Amended Petition ...", hereafter FAP), #25 (Application for Stay and/or Preliminary Injunction), #29 (Magistrate's Order Denying #25), #34 (Motion to Dismiss, hereafter MTD), #35 (Objection to Motion to Dismiss), #37 (Magistrate's Minute Order Dated June 10, 2014, hereafter MMO) as well as this Memorandum and Order. In addition, the clerk is directed to advise the Attorney General of the contact information of the other parties/counsel.

- The Attorney General of the United States (or his authorized representative) shall file a notice of appearance no later than fourteen (14) days after the date of this order.
- That portion of the MMO ordering Petitioner/Plaintiff to elect a course of action is **VACATED**.
- That portion of Respondent's MTD concerning AEDPA's constitutionality shall be decided after further briefing ordered herein.
- That portion of Respondent's MTD concerning state exhaustion of *habeas* Claim III and Claim IV and whether issues briefed in requests for substitution of counsel satisfy the AEDPA's exhaustion and "fair presentation" requirements is considered submitted and taken under advisement and will be decided, if necessary, after decision on the preliminary issue of AEDPA's constitutionality.
- That portion of Respondent's MTD concerning Plaintiff's civil rights claims (Claims V, VI, and VII) is **DENIED**. The MTD Lodgments filed by Respondents/Defendants as well as the MTD's "Procedural History" (pp.3-10) are **HEREBY STRUCK** as redundant/immaterial. The DDA is **HEREBY ORDERED TO FILE an Answer** to the FAP no later than fifteen (15) days after the date of this order.[14]
- The prior order denying (Dkt. #29) the "Application for Stay and/or Preliminary Injunction" (Dkt. #25) is **HEREBY VACATED**. The Court **HEREBY GRANTS A TEMPORARY RESTRAINING ORDER** enjoining County Defendants from enforcing the probation directives described in Claim V

---

[14] The Answer should not brief any issue but simply admit, deny, request proof, or clarify/qualify FAP facts alleged and causes of action claimed. Further, the Court acknowledges County Defendants may invoke their Fifth Amendment guarantee against compelled self-incrimination relative to any criminal actions alleged against them.

(travel restrictions), Claim VI (redoing counseling), and Claim VII (Halloween Directive) of Petitioner's FAP. No later than twenty (20) days after the date of this order, the Petitioner/Plaintiff may file a Supplemental Brief 1) addressing the standard of review for granting stays in *habeas* proceedings, and 2) providing up to date information on the status of County Defendant's alleged civil rights violation. No requests for extension of time shall be granted. No later than forty (40) days after the date of this order the DDA may file an Opposition Brief. No later than twenty (55) days after the date of this order, the Petitioner/Plaintiff may file a Reply Brief. No requests for extension of time shall be granted. Thereafter, the matter shall be considered submitted.

- No later than thirty (30) days after the date of this order, Petitioner shall file his brief on Claims I (*habeas* incorporation claims and AEDPA standard of review challenge) and Claim IA (challenges to state exhaustion requirements and various dismissal criteria).[15] The brief shall not exceed fifty (50) pages, exclusive of appendices/attachments/lodgments. No requests for extension of time shall be granted. No later than sixty (60) days after the date of this order, the DDA and/or the Attorney General of the United States may file Answer Briefs. Their briefs shall not exceed fifty (50) pages, exclusive of appendices/attachments/lodgments. No requests for extension of time shall be granted. No later than eighty (80) days after the date of this order, Petitioner may file a Reply Brief. The brief shall not exceed twenty-five (25) pages, exclusive of appendices/attachments/lodgments. No requests for extension of

---

[15] Presenter's Note: Should the Honorable District Judge be prepared to rule in Petitioner's favor on the AEDPA state exhaustion issue, the canon of Constitutional avoidance likely instructs that *habeas* merits now be briefed under AEDPA standards. Should the Honorable District Judge then deny the writ under AEDPA's standard of review, then and only then should Constitutional challenges to AEDPA be briefed. See also FN13.

time shall be granted. Thereafter, the matter will be considered submitted.

- Nothing in this order should be interpreted as prohibiting any party from filing any other pleading allowed by law.

Parties should anticipate this Court will thereafter order an aggressive briefing schedule of the *habeas* issue merits under either the AEDPA standard, or the HA1867's (direct review) standard, or possibly both. The Court advises parties to begin preparing their merits briefs as soon as they have completed the briefing ordered above.

**IT IS SO ORDERED.**

Dated: July _____, 2014

**DENIED**
BY ORDER OF THE COURT
_____
David O. Carter
United States District Judge